### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

KALETTE HALEY, ET AL.                     CIVIL ACTION NO. 20-0476

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

DESOTO PARISH SCHOOL                      MAGISTRATE JUDGE HAYES
BOARD, ET AL.

### MEMORANDUM RULING

Before the Court are two Motions to Dismiss (Record Documents 4 & 13) each filed by Defendants Stephanie Brewer, Toras Hill, and the DeSoto Parish School Board ("the Defendants"). The Defendants move to dismiss both the Plaintiffs' Original and Amended Complaints (Record Documents 1 & 8) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Kalette Haley, Shakisha Handy, and Kemo Wyatt, individually and on behalf of their minor children, oppose the Motions. See Record Documents 9 and 15. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**.

### A. BACKGROUND[1]

Plaintiffs are three parents whose children were members of the Mansfield High School cheerleading squad. In July 2019, the squad attended a summer cheerleading camp hosted by the Universal Cheerleading Association in Lafayette, Louisiana. On or about July 26, 2019, the team was practicing a routine while under the supervision of coach, Defendant Stephanie Brewer ("Brewer"). During this practice, Plaintiffs' children began to speak out against Brewer's "bullying and profanity." Record Document 1. In

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

response, Brewer threatened to tape the girls' mouths shut should they continue to distract from practice. The children persisted and, as result, Brewer placed pieces of white athletic tape over the mouths of each team member. Notably, the child of Plaintiff Handy was not subjected to the taping. Brewer then required the team to perform the routine while their mouths remained taped. At one point, a cheerleader removed the tape and asked Brewer if she could call her parents. Brewer answered no and told the child to replace the tape.

Following the summer camp, Plaintiffs' children were treated differently because they reported the taping incident to their parents. Plaintiffs point to Brewer's treatment of the children at the jamboree football game against North DeSoto High School during which Brewer yelled at the team to "shet [shut] the fuck-up!!" Record Document 1. Later that Fall, Plaintiff Handy made a surprise visit to the cheerleaders' practice and witnessed what she believed to be a "hostile environment." Record Document 1. Both Plaintiff Handy's and Plaintiff Haley's children began to receive demerits and were removed from their officer positions on the team. Ultimately, the children left the team altogether.

Plaintiff Haley met with Defendant Principal Toras Hill ("Principal Hill"), Brewer, and Nakia Graham (another faculty sponsor of the cheerleading team) to discuss the taping incident. Plaintiff Haley again met with Principal Hill on September 2, 2019, to voice her concerns for her child's safety in the presence of Brewer. Plaintiff Haley had a third meeting by telephone with Lillie Giles, supervisor for the DeSoto Parish School Board Office, who apologized on behalf of the School Board for the treatment received by Plaintiff Haley's child. Plaintiff Wyatt also met with Principal Hill and Chris Hill, a supervisor, regarding the taping incident. According to the Plaintiffs, Chris Hill informed

Plaintiff Wyatt that he would be "barred from the school if [Plaintiff Wyatt] pursued claims herein." Record Document 8.

On April 16, 2020, Plaintiffs filed their Original Complaint against the DeSoto Parish School Board, Brewer, and Principal Hill alleging numerous claims requesting both injunctive and monetary relief. First, Plaintiffs bring claims under 42 U.S.C. § 1983 asserting that Brewer and Hill, acting as state actors under color of state law, infringed upon both the First Amendment free speech rights of their children as well as their Fourteenth Amendment rights to due process when Brewer taped the children's mouths shut. Plaintiffs also allege the children were unfairly retaliated against for reporting the taping incident to their parents. Plaintiffs further contend the DeSoto Parish School Board participated in these constitutional violations through the actions of its employees/agents. In addition to their section 1983 claims, Plaintiffs argue the DeSoto Parish School Board violated the Title IX antidiscrimination law when they subjected the female cheerleaders to disparate treatment from their male counterparts.[2] Finally, Plaintiffs contend Brewer and Hill are responsible for the state law torts of assault and battery. Plaintiffs subsequently filed an Amended Complaint (Record Document 8) realleging their original claims while including Kemo Wyatt as an additional Plaintiff, individually and on behalf of his minor child.

Defendants responded to Plaintiffs' Complaints by filing the instant Motions to Dismiss (Record Documents 4 & 13) pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiffs' failure to state claims upon which relief may be granted.

---

[2] On information and belief, Plaintiffs contend that male cheerleaders once performed for the Mansfield High School cheerleading squad. See Record Document 8 at p. 11.

3

## II.     LAW AND ANALYSIS

### A.     Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. C. P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed. See id. Such a dismissal ends the case "at the point of minimum

expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B.     Analysis

In their Motions, the Defendants request this Court to dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6) or, alternatively, grant summary judgment in favor of the Defendants under Federal Rule of Civil Procedure 56. The Court believes summary judgment is premature at this stage. Instead, the Court will resolve the present issues pursuant to Rule 12 and will address each claim individually.

#### a.   Section 1983

Plaintiffs allege that Brewer, Hill and the DeSoto Parish School Board, while acting under color of state law, violated the children's freedom of speech, retaliated against the children for reporting, and violated their right to be free from bodily interreference without due process of law.

Turning first to the Plaintiffs' claims against the School Board, Plaintiffs' arguments appear to be based on a theory of *respondeat superior* or vicarious liability. While a school board is generally considered to be a "person" under section 1983, a school board may not be held responsible simply because it employs a tortfeasor. See Monell v. Dept. of Social Serv. of City of New York, 436 U.S. 658, 692, 98 S.Ct. 2018, 2037 (1978). The political subdivision must have effectuated a policy or custom that, when carried out by a policymaker, results in a constitutional violation. See Barrow v. Greenville Ind. Sch. Dist., 480 F.3d 377, 380 (5th Cir. 2007). In order to hold the school board liable, a plaintiff must establish the existence of a policymaker, an official policy, and a violation of constitutional right whose "moving force" is the policy or custom. Pitrowski v. City of Houston, 237 F.3d

567, 578 (5th Cir. 2001). Specifically, to defeat a Rule 12(b)(6) motion, a plaintiff must plead facts to show that "the statutorily authorized policymaker promulgated an unconstitutional policy." <u>Groden v. City of Dallas</u>, 826 F.3d 280, 285 (5th Cir. 2016).

Regarding the alleged violations of free speech and due process, Plaintiffs fail to point to any policy created by Defendant Hill, Brewer or the DeSoto Parish School Board which essentially fosters and condones constitutional violations of the kind alleged. The same is true regarding Plaintiffs' claim of retaliation against the children for exercising their right to speak freely. Plaintiffs claim the School Board is the policymaker for the school district, but there is no identified policy that unconstitutionally violated the children's rights. As result, the Defendants' Motions to Dismiss the section 1983 claims against the DeSoto Parish School Board are **GRANTED**. Furthermore, the Motions to Dismiss are **GRANTED** with regards to Plaintiffs' claims against Hill and Brewer in their official capacities because they are duplicative to those against the School Board.

As for the Plaintiffs' claims against Hill and Brewer in their individual capacities, first, it is noted by the Court that Plaintiff Handy's child was not a victim of the mouth taping. As result, the Court finds that Plaintiff Handy, individually and on behalf of her minor child, is not entitled to relief for the violation of the right to free speech or due process. The Defendants' Motions to Dismiss Plaintiff Handy's claims of free speech and due process are **GRANTED.** Second, Plaintiffs argue that Hill and Brewer collectively are responsible for the alleged violations of free speech and due process. However, Hill was not present for the taping incident and had no role in preventing the children from speaking or restraining them. As result, the Defendants' Motions to Dismiss Plaintiffs' section 1983 claims for free speech and due process violations by Hill are **GRANTED**.

Third, Defendants contend they are protected by qualified immunity. A defendant is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 (1982). There need not be precedent exactly on point to defeat immunity, rather, the unlawfulness of the defendant's action must merely be apparent to a reasonable person. See Porter v. Ascension Parish Sch. Bd., 393 F.3d 608, 618 (5th Cir. 2004). To overcome the presumption of immunity, a plaintiff must state a claim for the violation of a constitutional right and then must prove the right was "clearly established" at the time the conduct occurred. As result of the holding in Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009), the Court does not have to strictly follow a particular order in assessing the existence of qualified immunity. In fact, the Supreme Court has encouraged courts to avoid engaging in unnecessary constitutional analysis and instead take the easier route of determining whether a right was clearly established at all. See generally Camreta v. Greene, 563 U.S. 692, 131 S.Ct. 2020 (2011).

At this stage, this Court believes the Plaintiffs have pleaded facts sufficient to show that Brewer was put on notice of the children's rights to free speech. The First Amendment "prohibits not only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." Colson v. Grohman, 174 F.3d 498, 508 (5th Cir. 1999). The United States Supreme Court, in Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 506, 89 S.Ct. 733 (1969), confirmed that an individual's right to free speech is available to students and teachers. As a reasonable school official, Brewer knew taping the children's mouths,

literally silencing their comments, infringed upon their right to speak freely. Because it is plausible that the children's free speech right was clearly established, Defendants' Motions to Dismiss the section 1983 claims against Brewer for violation of free speech are **DENIED**.[3]

The Court believes Brewer is entitled to qualified immunity against the section 1983 claim for violation of due process. The Plaintiffs point to Doe v. Taylor Independent School District, 15 F.3d 443, 455 (5th Cir. 1994), to argue the right to Due Process was clearly established; however, this Court thinks Doe is distinguishable from the present matter. In Doe, the Fifth Circuit held that a student's substantive due process right to be free from sexual abuse and violation of bodily integrity by her teacher was clearly established because no reasonable public school official at that time would have assumed he could sexually molest a minor student with the protection of constitutional immunity. See Doe, 15 F.3d at 455. The Fifth Circuit has also found clearly established constitutional rights to bodily integrity in cases where a teacher strapped a student to a chair for two days, see Jefferson v. Ysleta Ind. School Dist., 817 F.2d 303, 305 (5th Cir. 1987), or where the teacher arbitrarily paddled students, see Fee v. Herndon, 900 F.2d 804, 808 (5th Cir. 1990). Yet, the Court does not believe such extreme cases clarify the parameters of the present situation. While Brewer did tape the mouths of the children, Plaintiffs' own Complaints explain how the children were able to remove the tape and wore the tape for

---

[3] The Court recognizes that the Tinker question of whether the children's speech in the instant matter falls under the protection of the First Amendment at all remains unanswered. The Tinker court maintained that a student's speech is protected by the First Amendment unless the state can show that the speech "materially and substantially interfered with requirements of appropriate discipline in operation of the school" and that regulation of the speech stems from more than a "mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." Tinker, 393 U.S. at 509, 89 S.Ct. at 738. Presently, the Court finds that the Plaintiffs have pleaded facts sufficient to pass the motion to dismiss stage and will not entertain the constitutional question of whether the students' speech was protected under the First Amendment until such time as a motion for summary judgment is submitted.

no more than half an hour. (Record Documents 1 & 8). Because the Court does not believe there exists sufficient guidance to confirm whether the right is clearly established in a scenario such as the instant one, Brewer is entitled to qualified immunity. The Motions to Dismiss Plaintiffs' section 1983 claims for due process against Brewer are **GRANTED**.

To succeed on a retaliation claim, a plaintiff must prove "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." Brinsdon v. McAllen Ind. Sch. Dist., 863 F.3d 338, 351 (5th Cir. 2017), citing Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002). Plaintiffs claim their children were retaliated against and were treated with hostility because they reported the taping incident. Plaintiffs Handy and Haley contend their children were removed from their officer positions and decided to leave the cheerleading team because of the hostile treatment they experienced. The Court finds that the Plaintiffs have provided enough evidence of retaliation to meet the 12(b)(6) standard. Defendants' Motions to Dismiss Plaintiffs' claims of retaliation against Hill and Brewer are **DENIED.**[4]

b. Title IX

Title IX provides in relevant part that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial

---

[4] As in the above discussion, the Court declines to determine whether the children were engaging in constitutionally protected activity. The question calls for an analysis of whether their reports were protected speech contemplated by the First Amendment. The Court will not entertain such a question until the summary judgment stage.

assistance." 20 U.S.C. § 1681(a). A plaintiff seeking relief under Title IX need only meet the threshold requirement of "plausibility" for his or her claim to survive a motion to dismiss. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002). Plaintiffs need not prove all the elements of a prima facie case. See id.

Here, Plaintiffs allege the Defendants committed gender discrimination against their children by subjecting the cheerleaders to different treatment from the male students of Mansfield High School. In their Complaints, Plaintiffs support their presumption that the children were mistreated based on their gender by throwing out the blanket accusation that Mansfield High never taped the mouths of their male students shut. The Court finds such conclusory statements do not amount to a plausible claim to relief. Without any factual basis linking the disciplinary action taken against the cheerleaders to discrimination based on gender, Defendants' Motions to Dismiss Plaintiffs' Title IX claim against the DeSoto Parish School Board are **GRANTED**.

c. State Tort Actions

Lastly, Plaintiffs assert that Defendants Hill and Brewer are responsible for the state law torts of assault and battery according to Louisiana Civil Code article 2315. Defendants counter Plaintiffs' claim by arguing they have statutory immunity from civil liability under La. R.S. 17:439(A) which grants immunity to any school employee subjected to suit for any statement or action taken by the school employee in the course and scope of his/her employment.[5] The Louisiana Supreme Court has held that a school

---

[5] The Court emphasizes that Louisiana's statutory immunity, like the qualified immunity available to defendants under section 1983, is not an absolute shield. "The purpose of [the statute] was to provide for the limitation of liability for school employees…." Credit v. Richland Parish School Bd., 46,163 (La. 2d Cir. App 04/13/11); 61 So.3d 861, 867. However, the Court underscores that qualified immunity and statutory immunity are not synonymous. A party must meet the requirements of each individual immunity in order to enjoy its protection.

employee may invoke the statutory immunity by establishing "(1) the cause of action against the employee is based on a statement made or action taken by the employee, (2) the action or statement was made in the course and scope of the employee's duties as defined by the school board, and (3) the action or statement must be within the specific guidelines for school employee behavior as established by the school board." Credit v. Richland Parish Sch. Bd., 2011-1003 (La. 03/13/12); 85 S0.3d 669, 675-76. Further, the statutory immunity precludes a cause of action against a school employee for both acts of commission and omission committed within the course and scope of employment. See id. at 678. However, this protection of immunity stops short for those actions or statements made that are "maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student." La. R.S. 17:439(C).

Plaintiffs have made no showing that Principal Hill actively participated in taping the children's mouths shut. As result, Plaintiffs claims for state tort liability against Hill are **DISMISSED**. In contrast, Plaintiffs have shown that Brewer "haz[ed]…beyond any act of reasonable discipline" and retaliated against the children for reporting the incident to their parents. As result, the Defendants' Motions to Dismiss Plaintiffs' state tort claims against Brewer are **DENIED.**

## III.    Conclusion

Based on the foregoing reasons, Defendants' Motions to Dismiss (Record Documents 4 & 13) are **GRANTED in part** and **DENIED in part**.

Plaintiffs' section 1983 and Title IX claims against the DeSoto Parish School Board are **DISMISSED**. Plaintiffs' section 1983 claims for free speech and due process against Hill in his individual capacity, Plaintiffs' section 1983 claims against Hill in his official

capacity, Plaintiffs' state tort claims against Hill are **DISMISSED**. Plaintiffs' section 1983 claims for due process against Brewer in her individual capacity, Plaintiffs' section 1983 claims against Brewer in her official capacity, and Plaintiff Handy's free speech claim against Brewer in her individual capacity are **DISMISSED**.

Plaintiffs' section 1983 claims for retaliation against Hill and Brewer in their individual capacities, section 1983 claims for free speech against Brewer in her individual capacity, and state tort claims against Brewer may proceed.

An Order consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 26th day of January, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT